IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Case No: 17 C 4529 |
| v. | ) | |
| | ) | Judge Ronald Guzmán |
| Fred Calvert, | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION AND ORDER

The government's motion to dismiss [5] Petitioner Fred Calvert's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] as untimely is granted. Calvert's § 2255 is dismissed. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2). Civil case terminated.

## STATEMENT

Calvert plead guilty on January 14, 2010 to Counts One and Two of the relevant indictment, charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine and possessing a firearm in furtherance of a drug trafficking crime, respectively. (*U.S. v. Calvert*, No. 07 CR 707-3 (N.D. Ill.), Dkt. # 176.) On June 28, 2010, the Court sentenced Calvert to 188 months imprisonment on Count One and 60 months imprisonment on Count Two, to run consecutive to Count One, for a total sentence of 248 months. On direct appeal, Calvert argued that he should not have received a consecutive sentence under § 924(c), which the Seventh Circuit rejected in 2011. (*Id.*, Dkt. # 200.) This Court subsequently entered an amended judgment on March 19, 2015 based on Amendment 782 to the Sentencing Guidelines, reducing Calvert's sentence to 211 months. (*Id.*, Dkt. # 209.) Calvert then filed the instant § 2255 motion arguing that counsel was ineffective for failing to challenge the § 924(c) count based on constructive possession.

Title 28 U.S.C. § 2255(a) provides for a one-year time period in which a federal prisoner may file a federal habeas petition, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

        Subsections (2)-(4) are not applicable here. Therefore, under subsection (1), because Petitioner did not appeal his reduced sentence, it became final for post conviction purposes on April 2, 2015, fourteen days after it was entered. *See Smith v. United States*, No. 08-CR-188-BBC, 2015 WL 7721845, at *1 (W.D. Wis. Nov. 30, 2015). Thus, Calvert had one year from April 2, 2015, or April 2, 2016, to file his § 2255 motion. He did not file the motion until June 11, 2017; accordingly, it is untimely.[1] Calvert's apparent attempt to circumvent the statute of limitations by characterizing the instant motion as one under Federal Rule of Civil Procedure 60(b) and not § 2255 is unavailing. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) ("[A] motion under Fed. R. Civ. P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of § 2244(b)."). The Court declines to issue a certificate of appealability.

**Date**: August 17, 2017

                                                      **Ronald A. Guzmán**
                                                      **United States District Judge**

---

[1] To the extent Calvert's motion is directed toward his initial judgment of conviction and sentencing, it is also barred as untimely.